# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ERIC DONYS SIMEU,<br><br>        Defendant. | 1:14-cr-00357-WSD |

## OPINION AND ORDER

This matter is before the Court on Defendant Eric Donys Simeu's ("Defendant") *pro se* Motion to Reconsider the Court's Sentencing Order [62] ("Motion" or "Motion for Reconsideration").

On May 25, 2017, Defendant was sentenced to fifty-eight (58) months imprisonment with three (3) years of supervised release after pleading guilty to one count of Wire Fraud Conspiracy, in violation of 18 U.S.C. § 1343 and 1349. ([52], Judgment [53]). At sentencing, the Government notified the Court that Defendant was arrested by French authorities on September 3, 2014, based on a warrant issued on the criminal complaint in this matter. (Sentencing Transcript ("Tr.") at 38). The Government stated, and Defendant's counsel agreed, that Defendant was detained on the criminal complaint beginning on September 3, 2014. (Tr. at 38-39). Given this information, which was corroborated by the Presentence

Investigation Report (("PSR") [58] at 1), the Court ordered that "Defendant's custodial sentence, as imposed in this action, shall be deemed to have begun on September 3, 2014." (Judgment at 2).

On May 27, 2017,[1] Defendant filed his Notice of Appeal [54] of his conviction and sentence. On June 6, 2017, Defendant, through counsel, filed a second Notice of Appeal [59] of his conviction and sentence. The appeals are currently pending.

On June 5, 2017, Defendant filed his Motion to Reconsider the Court's Sentencing Order [62]. Defendant requests credit for the period from November 2011 to February 2013 that he spent in Senegalese custody, after being convicted in a Senegalese court for Criminal Conspiracy, Fraudulent Access to a Computer System, Fraud, Forgery, and Use of False Private Documents, and Assault and Battery, in violation of the laws of Senegal. (PSR ¶ 71).

---

[1] "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." Jeffries v. United States, 748 F.3d 1310, 1314 (11th Cir. 2014) (internal quotation marks omitted) (quoting United States v. Glover 686 F.3d 1203, 1205 (11th Cir. 2012)), cert. denied, 135 S. Ct. 241 (2014). Absent evidence to the contrary, the Court assumes the motion was delivered to prison authorities on the day the prisoner signed it. Washington v. United States, 243 F.3d 1301, 1301 (11th Cir. 2001).

The Court may, in its discretion, determine if a defendant's detention, pretrial or post-conviction, on other charges should be taken into consideration in determining the sentence to be imposed based on a defendant's conviction on federal charges. See U.S.S.G. § 5G1.3(b) ("If . . . a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction[,] . . . the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons[.]"); U.S.S.G. § 5G1.3 app. n. 4 ("[A] downward departure is not prohibited if the defendant (A) had completed serving a term of imprisonment; and (B) subsection (b) would have provided an adjustment had that completed term of imprisonment been undischarged at the time of sentence for the instant offense."); U.S.S.G. § 5K2.23; United States v. Channelle, 392 F. App'x 729, 733 (11th Cir. 2010) ("[A] downward departure "may be appropriate" if a defendant has completed serving a term of imprisonment and would be eligible for a sentence adjustment under U.S.S.G. § 5G1.3 had his sentence been undischarged at the time of federal sentencing.").

The Court considered Defendant's incarceration in Senegal from November 2011 to February 2013, based on Defendant's conviction in the

3

Senegalese court on his violations of the laws of Senegal. The Court determined that the conduct in which Defendant engaged and for which he was convicted and incarcerated in Senegal was separate from and independent of the conduct for which Defendant was charged in this action. (See Tr. at 37-38). Defendant's Senegalese conviction did not meet the definition of "relevant conduct" under the Sentencing Guidelines, and did not entitle Defendant to a downward variance or departure. Defendant's Motion for Reconsideration of his sentence is denied.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that on Defendant Eric Donys Simeu's *pro se* Motion to Reconsider the Court's Sentencing Order [62] is **DENIED**.

**SO ORDERED** this 20th day of June, 2017.

_William S. Duffey_
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE